SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94303
Telephone: (650) 858-6000
Facsimile:  (650) 858-6100

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
ARI HOLTZBLATT (*pro hac vice*)
  Ari.Holtzblatt@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice*)
  Molly.Jennings@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363

*Attorneys for Defendant*
FACEBOOK, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| REVEAL CHAT HOLDCO, LLC, a Delaware limited liability company, USA TECHNOLOGY AND MANAGEMENT SERVICES, INC. (d/b/a Lenddo USA), a Delaware corporation, CIR.CL, INC., a dissolved Delaware corporation, and BEEHIVE BIOMETRIC, INC., a dissolved Delaware corporation,<br><br>                 Plaintiffs,<br><br>    v.<br><br>FACEBOOK, INC., a Delaware corporation,<br><br>                 Defendant. | Case No. 5:20-CV-00363-BLF<br><br>**DEFENDANT FACEBOOK INC.'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE POST-HEARING LETTER BRIEF** |

Plaintiffs' administrative motion to file a post-hearing letter brief "to provide additional authority and context" should be denied.  The motion is procedurally improper, the proposed letter brief contains no new authority, and the proposed letter brief is of no assistance to the Court.

This Court's Local Rules "are structured to deter an endless cycle of filings and counter-filings while preserving the Court's ability to render a decision that is fully-informed by any particularly germane legal authority that may emerge."  *Michael Taylor Designs Inc. v. Travelers Property Cas. Co. of America*, 761 F. Supp. 2d 904, 909 (N.D. Cal. 2011).  Thus, it is "permissible" under Rule 7-11 "for a party to seek leave to submit additional, *newly-released*, authorities after a matter has been heard."  *Id*. (emphasis added).  No provision of the Local Rules, however, allows what plaintiffs seek to do here:  submit a brief with pre-existing, non-controlling, and cumulative case law on a fully-briefed and argued question of law.  Indeed, even with regard to newly-released authority, courts are clear that leave to file a post-hearing "statement of recent decision" should be granted "sparingly."  *Id*.  Plaintiffs' motion, which does not even attempt to explain why the relevant criteria for leave are met, is a poor candidate for an exception to this rule.  This is particularly true since the cases cited in plaintiffs' proposed brief, all of which were published well before plaintiffs filed their opposition—and many of which were already cited in the opposition—are wholly "cumulative of the cases that have already been submitted."  *Id.*

Next, while plaintiffs purport to offer only additional authority on their fraudulent concealment theory, the proposed letter brief in fact also attempts to rebut Facebook's argument in its reply brief that a 2015 *Wall Street Journal* article demonstrates that the plaintiffs had constructive notice of the challenged "whitelist agreements."  Mot., Ex. A at 2.  Contrary to plaintiffs' contention, the fact that the CEO of plaintiff Reveal Chat is quoted in the article lends further support to *Facebook's* argument.  But in any event, plaintiffs' argument is not permissible under the Local Rules.  Civil Local Rule 7-3(d)(1) requires any objections to

1  arguments made in a reply to be served "within 7 days after the reply is filed."  Plaintiffs have
2  missed that deadline by more than a month, without explanation.
3      Finally, plaintiffs proposed letter brief does not, as plaintiffs claim, "aid the court in its
4  consideration of the issue of fraudulent concealment."  Mot. at 2.  To begin, none of the cases
5  cited by plaintiffs are on point.  Plaintiffs fail to realize that they are challenging public acts and
6  at best have alleged that Facebook concealed the *intent* motivating it to undertake those acts.
7  Once the acts became public, however, there was no more concealment, let alone a fraudulent
8  concealment.  Plaintiffs do not—and cannot—address this fundamental flaw in their theory.  And
9  even taking plaintiffs' theory at face value, plaintiffs have no answer for the fact that
10 "affirmative silence" is actionable fraudulent concealment only where there is a duty to disclose.
11 *Conmar Corp. v. Mitsui & Co. (U.S.A.)*, 858 F.2d 499, 505 (9th Cir. 1988).  Plaintiffs allege no
12 such duty and, even now, do not argue otherwise.  Silence alone does not give rise to such a
13 duty.  *Id*.

**CONCLUSION**

15 This Court should deny plaintiffs' administrative motion for leave to file a letter brief to
16 "provide additional authority and context to aid the Court."

| | | |
|---|---|---|
| 1 | Dated: June 29, 2020 | Respectfully submitted, |
| 2 | | |
| 3 | | By: /s/ Sonal N. Mehta |
| 4 | | Sonal N. Mehta (SBN: 222086)<br>WILMER CUTLER PICKERING HALE AND DORR LLP |
| 5 | | 950 Page Mill Road |
| 6 | | Palo Alto, California 94303<br>Telephone: (650) 858-6000 |
| 7 | | Facsimile: (650) 858-6100<br>Email: Sonal.Mehta@wilmerhale.com |
| 8 | | |
| 9 | | David Z. Gringer (*pro hac vice*) |
| 10 | | Ari Holtzblatt (*pro hac vice*)<br>Molly M. Jennings (*pro hac vice*) |
| 11 | | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 12 | | 1875 Pennsylvania Avenue NW |
| 13 | | Washington, DC 20006<br>Telephone: (202) 663-6000 |
| 14 | | Facsimile: (202) 663-6363<br>Email: David.Gringer@wilmerhale.com |
| 15 | | Email: Ari.Holtzbaltt@wilmerhale.com<br>Email: Molly.Jennings@wilmerhale.com |
| 16 | | |
| 17 | | Attorneys for Defendant Facebook, Inc. |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |