FILED

FEB 28 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REVEAL CHAT HOLDCO LLC, a Delaware limited liability company; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> META PLATFORMS, INC., a Delaware corporation, <br><br> Defendant-Appellee. | No.   21-15863 <br><br> D.C. No. 5:20-cv-00363-BLF <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted February 17, 2022
San Francisco, California

Before: SILER,[**] S.R. THOMAS, and CALLAHAN, Circuit Judges.

Mobile application developers Reveal Chat HoldCo, LLC, Beehive

Biometric, Inc., and USA Technology and Management Services, Inc.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

(collectively, "Developers") appeal the district court's dismissal of their claims for injunctive relief and damages pursuant to the Sherman and Clayton Acts against Meta Platforms, Inc. ("Meta"), formerly known as Facebook. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here. We dismiss in part and affirm in part.

We review dismissals under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003), and dismissals based on statutes of limitation de novo, *Whidbee v. Pierce County*, 857 F.3d 1019, 1022 (9th Cir. 2017).

I

Plaintiffs are required to demonstrate Article III standing for each form of relief sought, *Friends of the Earth, Inc. v. Laidlaw Env. Servs., Inc.*, 528 U.S. 167, 185 (2000), and federal courts lack jurisdiction over the case if the plaintiffs lack Article III standing, *see Gerlinger v. Amazon.com Inc.*, 526 F.3d 1253, 1255 (9th Cir. 2008). We are required to raise the absence of constitutional standing *sua sponte. Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 891 n.9 (9th Cir. 2018).

To survive the pleading stage, the Developers must allege facts showing each element of Article III standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338

(2016). Thus, the Developers must show that that they (1) have suffered or face a future injury-in-fact (2) fairly traceable to the Meta's actions, and (3) redressible by a favorable judicial decision. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 921–22 (9th Cir. 2015).

After careful consideration of the record and arguments of the parties, we conclude that the Developers lack Article III standing to seek injunctive relief. The Developers claim damage from allegedly anticompetitive actions taken by Meta in 2019. However, the Developers' actual injuries occurred in 2015, and therefore are not fairly traceable to Meta's challenged conduct in 2019. *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 796 (2021).

Further, Developers offer no facts suggesting that Meta's 2019 actions threaten future harm to them. *Cargill, Inc. v. Monfort of Colo., Inc.*, 479 U.S. 104, 110–11 (1986) (quoting 15 U.S.C. § 26 and stating that plaintiffs seeking injunctive relief under Section 16 of the Clayton Act need only show that the defendant's conduct "threaten[s] loss or damage"); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 111 (1983) ("[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects" and plaintiffs must

show "a sufficient likelihood that [they] will again be wronged" (internal quotation marks and citation omitted)).

Developers also have not alleged facts demonstrating that any of the harms they claim are redressible by an injunction. Therefore, the Developers lack Article III standing to assert their claims for injunctive relief, and we must dismiss them.

II

The district court properly dismissed Developers' antitrust damage claims as time-barred. 15 U.S.C. § 15(b) (four-year statute of limitations); *see Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971) ("[A] cause of action accrues and the statute begins to run when a defendant commits an act that injures a plaintiff's business."). The alleged damage occurred in 2015, but the complaint was not filed until January 2020.

The district court also properly determined that Developers failed to allege fraudulent concealment sufficiently to toll the Sherman Act's statute of limitations. To show fraudulent concealment, plaintiffs must plead facts showing that the defendant affirmatively misled it. *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1060 (9th Cir. 2012). Developers claim that Meta's statements about the scope and reasons for its 2015 actions misled them, but the antitrust laws do not obligate Meta to share its motivations for its business decisions with the

Developers. *Cf. Aerotec Int'l, Inc. v. Honeywell Int'l, Inc.*, 836 F.3d 1171, 1183 (9th Cir. 2016) ("[A]s a general matter, the Sherman Act does not restrict the long recognized right of a trader . . . engaged in an entirely private business, freely to exercise his own independent discretion as to parties with whom he will deal." (internal alteration, quotation marks, and citation omitted)). "Silence or passive conduct . . . is not deemed fraudulent, unless the relationship of the parties imposes a duty upon the defendant to make disclosure." *Rutledge v. Bos. Woven Hose & Rubber Co.*, 576 F.2d 248, 250 (9th Cir. 1978). Developers offer only conclusory allegations to suggest a relationship with Meta that would entitle them to the disclosures at issue in this case. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The district court properly dismissed the Developers' antitrust claims as time-barred.

### III

We dismiss the injunction claims for lack of Article III standing. We affirm the district court's dismissal of the antitrust claims as time-barred. Given our resolution of these issues, we need not—and do not—reach any other issue urged by the parties.

5

**DISMISSED in part; and AFFIRMED in part.**